

June 12, 2024

Honorable Vera M. Scanlon
Unites States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

> Re:  Greco v. City of New York, et al., 22
> cv 5109

Dear Magistrate Scanlon:

  We represent the plaintiff in the above-referenced matter. Thus far, the discovery process has ground to a halt several months ago, and despite the plaintiff's best efforts, there remains no progress. Therefore, under Local Civil Rule 37.3 and the Court's Individual Rules, the plaintiff respectfully submits this letter motion for the Court to intervene and compel City Defendants to respond to the discovery process.

### Historical View of The Discovery Process

  On or about October 13, 2023, the plaintiff sent over the Rule 26 Voluntary Disclosures with thousands of documents including social media data to City Defendants. (Exhibit No.: 1)

  On or about October 26, 2023, the City Defendants sent over the Rule 26 Voluntary Disclosures to the plaintiff without any documents. (Exhibit No.: 2)

  On or about November 1, 2023, the parties appeared before the Court and after some discussion agreed upon a Joint Civil Case Management Plan that was accepted and entered into the docket. (Exhibit No.: 3).

  On or about December 2, 2023, the plaintiff sent over the First Request for Documents to the City Defendants. The City Defendants haven't responded. (Exhibit No.: 4).

  On or about March 3, 2024, the plaintiff sent over the Second Request for Documents to the City Defendants. The City Defendants haven't responded. (Exhibit No.: 5).

  On or about May 13, 2024, the plaintiff contacted Labor and Employment Division Chief Maxwell Leighton regarding the stalled discovery progress. (Exhibit No.: 6). Later that day, Maxwell and I had a conversation on the telephone and he assured me that the discovery process would move forward.

  On or about May 15, 2024, the plaintiff received assurances from the City Defendants that the discovery process would move forward but, it hasn't. (Exhibit No.: 7).

Therefore, the plaintiff respectfully requests intervention from the Court to compel the City Defendants to participate in the discovery process so the case can move forward.

Respectfully submitted,

Eric Sanders (ES0224)

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

SALVATORE J. GRECO

**Rule 26**

22 cv 5109

Plaintiff,

-against-

THE CITY OF NEW YORK; KEECHANT L. SEWELL, as
Police Commissioner, Police Department City of New York;
ERNEST F. HART, as Deputy Commissioner Legal Matters,
Police Department City of New York; DANIEL S. CUTTER,
as Commanding Officer, Internal Affairs Bureau Group No.: 25
and JEREMY D. ORENSTEIN, as Sergeant, Internal Affairs
Bureau Group No.: 25, each sued individually and in their official
capacities as employees of The City of New York

Defendants'

-------------------------------------------------------------------------x

### PLAINTIFF'S RULE 26 AUTOMATIC DISCLOSURE

PLEASE TAKE NOTICE that, pursuant to Rule 26(a)(1) of the Federal Rules of Civil
Procedure, plaintiff SALVATORE J. GRECO through his attorney THE SANDERS FIRM, P.C.,
hereby submit his automatic disclosure:

1.      Rule 26 (a)(1)(A):  Parties likely to have discoverable information



   a) Plaintiff SALVATORE J. GRECO
   b) Defendant KEECHANT L. SEWELL
   c) Defendant ERNEST F. HART
   d) Defendant DANIEL S. CUTTER
   e) Defendant JEREMY D. ORENSTEIN
   f) Non-Party Witness Mayor Eric L. Adams
   g) Non-Party Witness Deputy Mayor Philip Banks III
   h) Non-Party Witness Former NYPD Cmsr. James P. O'Neill
   i) Non-Party Witness Former NYPD Cmsr. Dermot F. Shea
   j) Non-Party Witness NYPD Cmsr. Edward A. Caban
   k) Non-Party Witness First Deputy Cmsr. Tani I. Kinsella
   l) Non-Party Witness Former Deputy Cmsr. Department Adv. Amy Litwin
   m) Non-Party Witness Deputy Cmsr. Equity and Inclusion Wendy Garcia
   n) Non-Party Witness Deputy Cmsr. Community Affairs Mark T. Stewart

o) Non-Party Witness Ch. Of Dept. Jeffrey B. Maddrey
p) Non-Party Witness Chief of Patrol John M. Chell
q) Non-Party Witness Chief of Housing Martine N. Materasso
r) Non-Party Witness Agency Attorney Samuel Yee
s) Non-Party Witness Jaime [Jimmy] Rodriguez owner of Con Sofrito 1315 Commerce Avenue Bronx, N.Y. 10461
t) Non-Party Witness Richard Caban owner of 1315 Restaurant Group Corp. dba Con Sofrito 1315 Commerce Avenue Bronx, N.Y. 10461
u) Non-Party Witness Gregory S. Nealon, 60th Precinct
v) Non-Party Witness Belcalis Marlenis Almánzar Cephus [Cardi B]
w) Non-Party Witness Former Ch. Of Training Juanita N. Holmes
x) Non-Party Witness Detective First Grade Tanya L. Duhaney

2.      Rule 26 (a)(1)(B):  Documents in the possession, custody or control of the Plaintiff and may be used in support of his claims or defenses, or impeachment and attached herein:

a) On October 13, 2023, plaintiff transferred 3.48 GB of electronic data including pictures, videos and other documents consisting of five hundred eight [508] files and twelve [12] folders, via Dropbox Virtual Folder

3.      Rule 26 (a)(1)(C): Computation of Damages:

a) Plaintiff suffered loss of salary, pension and related benefits, emotional and physical distress.

4.      Rule 26(a)(1)(D): Not applicable.

**PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT THIS AUTOMATIC DISCLOSURE AT A LATER DATE**.

Dated:  October 13, 2023
        New York, N.Y.

Respectfully submitted,

By:      _____s_____
         Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

SALVATORE GRECO,

                              **DEFENDANTS' INITIAL**
                 Plaintiff,  **DISCLOSURES**

           -against-            22-CV-05109

THE CITY OF NEW YORK, et. al.;

                         Defendants.

-------------------------------------------------------------------- X

        Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, defendants City of New York ("City"), Keechant L. Sewell, Ernest F. Hart, Daniel S. Cutter, and Jeremy D. Orenstein (collectively, "Defendants"), by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, make the following initial disclosures:

### GENERAL STATEMENT

        1.      Defendants are continuing to search for information that may be used to support their defenses and therefore reserves the right to supplement their disclosures with additional information, if and when such information becomes available to Defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

        2.      By providing the following information and/or documents, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose of any of the information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

3.     Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## RESPONSES TO RULE 26(a) (1)

**Rule 26(a)(1)(A):**

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**Defendants' Response to Rule 26(a)(1)(A)(i):**

The following individuals may have information regarding the allegations in the Complaint that Defendants may use to support their defenses in this action:

- Salvatore J. Greco

- Keechant L. Sewell,

- Ernest F. Hart,

- Daniel S. Cutter,

- Jeremy D. Orenstein

With the exception of the Plaintiff, the individuals identified are employees of the City of New York, or the named Defendants, and should be contacted only through the Office of the Corporation Counsel. By disclosing these names, Defendants do not make any admission or

waive any privilege. Defendants reserve the right to identify additional individuals based upon further discovery and investigation. Defendants also may identify other individuals who are identified in any of the documents produced in this action, or during any deposition in this matter, to support their defenses in this action.

**Rule 26(a)(1)(A):**

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**Defendants' Response to Rule 26(a)(1)(A)(ii):**

The following documents may, or may not, be used by Defendants in their defense of this case:

- Plaintiff's personnel file;
- NYPD Patrol Guide;
- NYPD Administrative Guide.

The identification of a particular document or category of documents does not constitute a waiver of the attorney-client privilege or any other objection that Defendants may seek to assert. Defendants reserve the right to identify additional documents through further discovery and investigation.

**Rule 26(a)(1)(A):**

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents

or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

**Defendant's Response to Rule 26(a)(1)(iii):**

This section is not applicable to Defendants. Defendants reserve the right to seek costs and fees as appropriate in this action.

**Rule 26(a)(1)(A):**

(**iv**)  for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Defendant's Response to Rule 26(a)(1)(iv):**

This section is not applicable to Defendants.

Dated:   New York, New York
         October 26, 2023

> **Sylvia O. Hinds Raddix**
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants
> 100 Church Street, Room 2-316
> New York, New York  10007
> (212) 356-3522
> erosen@law.nyc.gov

By: /s/             Elisheva L. Rosen
                    Elisheva L. Rosen
                    Assistant Corporation Counsel

To:  Eric Sanders
     The Sanders Firm, P.C.
     30 Wall Street, 8th Floor
     New York, NY 10005
     212-652-2782
     esanders@thesandersfirmpc.com

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

Salvatore J. Greco

               Plaintiff(s),

     -against-

The City of New York, et al.

             Defendant(s).

------------------------------------------------------------- x

**JOINT PROPOSED
CIVIL CASE MANAGEMENT PLAN**

22  Civ. 5109  (FB  ) (VMS)

**The parties/counsel who conferred in drafting this joint proposed case management plan:**

For Plaintiff(s):   Eric Sanders

For Defendant(s):  Elisheva L. Rosen

A.  Do the parties request referral to the Court's ADR program?  Yes:☐  No:☑

B.  Do the parties consent to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)?
      Yes:☐  If yes, fill out the AO 85 Notice, Consent and Reference of a Civil Action to a
              Magistrate Judge Form and file it on ECF. https://www.uscourts.gov/forms/civil-
              forms/notice-consent-and-reference-civil-action-magistrate-judge.
      No:☑  If no, do not indicate which party declines consent.

C.  The parties may wish to engage in settlement discussions.
     If so, Plaintiff(s) will serve demand by n/a     . Defendant(s) will respond by n/a

D.  Defendant(s) will answer or otherwise respond to complaint by 10/13/23  , if not yet done.

    The parties will serve Rule 26(a)(1) initial disclosures by 11/7/23  , if not yet done.

    The parties will serve initial document requests and interrogatories on or before 12/1/23  .

    Any joinder and/or amendments of the pleadings must be made by 2/1/24  .

    The parties will complete fact discovery by 9/1/24  .

    If the parties perform expert discovery, they will serve initial disclosures by n/a  ;
    initial expert reports by n/a  ; and rebuttal expert reports on or before n/a  .
    All discovery, including expert depositions, will be completed by n/a  , and the parties
    will file a joint letter certifying the close of all discovery by this same date.

    Other considerations the parties wish to bring to the Court's attention, such as the need for
    electronic discovery or confidentiality order:

    Confidentiality order and clawback agreement will be necessary

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

SALVATORE J. GRECO

**Request for Documents**

Plaintiff,     22 cv 5109

-against-

THE CITY OF NEW YORK; KEECHANT L. SEWELL, as
Police Commissioner, Police Department City of New York;
ERNEST F. HART, as Deputy Commissioner Legal Matters,
Police Department City of New York; DANIEL S. CUTTER,
as Commanding Officer, Internal Affairs Bureau Group No.:
25 and JEREMY D. ORENSTEIN, as Sergeant, Internal
Affairs Bureau Group No.: 25, each sued individually and in
their official capacities as employees of The City of New York

Defendants'

-------------------------------------------------------------------------x

Plaintiff SALVATORE J. GRECO through his attorney THE SANDERS FIRM, P.C.,
hereby submit his first request for the production of documents.

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 34 of the Federal Rules of Civil
Procedure, and local rules of the United States District Court, Eastern District of New York,
Plaintiffs' hereby demands that Defendants respond separately and in writing under oath, the
requests for documents set forth below, within thirty days after service of these Requests.

All requests shall be deemed to be addressed to all of the Defendants, and all answers
shall reflect the cumulative knowledge of the Defendants, their servants, agents, and employees.
In answering, Defendant is requested to identify, specifically and in a form suitable for use in a
subpoena, all documents, records or other written material containing, setting forth or pertaining
to the information provided in answering or in the alterative attach copies of such materials.

These requests shall be deemed to continue beyond the date when Defendants serves their
responses upon Plaintiffs' and Defendants shall supplement its responses if any further
knowledge, information, or documents are acquired by Defendants, their agents, representatives
or attorneys, subsequent to the date of the original responses.

**THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018,
THROUGH PRESENT**

**INSTRUCTIONS FOR RESPONSES TO REQUESTS FOR DOCUMENTS**

A.     The responses to these requests for documents shall set forth each question in full before identifying each document in the answer.  Separate answers shall be provided in response to each request, and, when a request has subdivisions each subdivision. In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants' responses to these requests must be signed by the Defendants' providing the responses to the requests.

B.     Defendants are to produce the documents requested, or a true, complete and legible copy thereof, at the office of the undersigned if the documents are in the possession, custody or control of Defendants' or Defendants' attorney. Defendants' are to provide the undersigned with the appropriate releases for any documents requests that requested that are not in such possession, custody or control.

C.     The term "document" is used in its customarily broad sense and includes all written, typed, printed, recorded or other graphic statements, communications or however produced or reproduced.

## DOCUMENT REQUESTS

1.     All documents that contain or otherwise relate to the facts or information that Defendants' KEECHANT L. SEWELL; ERNEST F. HART; DANIEL S. CUTTER and JEREMY D. ORENSTEIN contend refute, in any way, the allegations contained in the complaint.

2.     All reports, including drafts, submitted by any expert witness or potential expert witness retained or consulted by Defendants' KEECHANT L. SEWELL; ERNEST F. HART; DANIEL S. CUTTER and JEREMY D. ORENSTEIN with respect to the issues raised in this case.

3.     Provide [meaning UNREDACTED or otherwise unaltered] copies of Defendants' KEECHANT L. SEWELL [that includes search committee, employment agency and/or other government business records including notes used to hire the police commissioner]; ERNEST F. HART [that includes search committee, employment agency and/or other government business records including notes used to hire the police commissioner]; DANIEL S. CUTTER and JEREMY D. ORENSTEIN including the pre-employment background investigation, disciplinary history [including internal investigations for misconduct, discrimination, criminal etc.], training history, lawsuits, etc.

4.     Produce [meaning UNREDACTED or otherwise unaltered] all documents, tapes, recordings, photographs, videotapes, electronically stored items or otherwise concerning the allegations in Internal Affairs Bureau Log No.: C-2021-0027 and 2021-1610 including findings, recommendations, etc.[1]

---

[1] Please provide the payroll, time and leave balance records that corresponds with each suspension of Plaintiff SALVATORE J. GRECO.

5.     Produce [meaning UNREDACTED or otherwise unaltered] the request and review protocols regarding the issuance of administrative subpoenas pursuant to New York City Administrative Code § 14-137 under the authority of the Police Commissioner and/or the Deputy Commissioner Legal Matters. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

6.     Produce [meaning UNREDACTED or otherwise unaltered] the training protocols regarding the issuance of administrative subpoenas pursuant to New York City Administrative Code § 14-137 under the authority of the Police Commissioner and/or the Deputy Commissioner Legal Matters. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

7.     Produce [meaning UNREDACTED or otherwise unaltered] a log detailing the number of administrative subpoenas requested, approved and denied [including the rate of approvals related to internal investigations involving members of the service] pursuant to New York City Administrative Code § 14-137 under the authority of the Police Commissioner and/or the Deputy Commissioner Legal Matters. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

8.     Produce [meaning UNREDACTED or otherwise unaltered] a log including the investigation and supporting documents detailing the number of complaints filed by members of the service regarding an alleged abuse of the issuance of administrative subpoenas [including the rate of substantiations] pursuant to New York City Administrative Code § 14-137 under the authority of the Police Commissioner and/or the Deputy Commissioner Legal Matters. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

9.     Produce [meaning UNREDACTED or otherwise unaltered] the investigation [including the warrant application and hearing transcripts as well as the criminal trial testimony] into the allegations as alleged in CLIFF NIEVES and STEVEN NIEVES v. CITY OF NEW YORK, ET AL., filed in the Supreme Court of the State of New York, County of Kings Index No.: 514971/2023, See Paragraph Nos.: 21 – 24, 48 and 71 – 75 [in violation of Franks v. Delaware], overall and particularly related to Defendant JEREMY D. ORENSTEIN. In the Verified Complaint, Defendant JEREMY D. ORENSTEIN is accused of knowingly and intentionally, or with reckless disregard for the truth, made false statement in a warrant affidavit in violation of the Fourth Amendment.

10.     Produce [meaning UNREDACTED or otherwise unaltered] the investigation [including the GML 50h Hearing transcripts, deposition of all parties if any] into the allegations as alleged in EDDIE A. CRUZ, SR. and CAROLYN CRUZ v. JEREMY ORENSTEIN, ET AL., filed in the United States District Court for the Eastern District of New York Civil Action No.: 12 cv 2789 and settled on October 25, 2013. In the Federal Complaint, Defendant JEREMY D. ORENSTEIN as a sergeant, is accused of abusing his authority.

11.     Produce [meaning UNREDACTED or otherwise unaltered] the legal documents [including the Decision and Order of the Honorable Alexander M. Tisch] enjoining the NYPD

practice of using sealed criminal records without a court order] related to the putative class action initiated in R. C., A. G., and J. J. v. THE CITY OF NEW YORK, ET Al., filed in the Supreme Court of the State of New York, County of New York, challenging the NYPD policy and practice of maintaining, using, and disclosing sealed arrest records in violation of Criminal Procedure Law §§ 160.50 and 160.55 and due process rights under the New York State Constitution.[2]

12.    Produce [meaning UNREDACTED or otherwise unaltered] the legal documents [including the Decision and Order of the Honorable Lyle E. Frank enjoining the NYPD practice of using sealed criminal records without a court order] related to the putative class action initiated in R. C., A. G., and J. J. v. THE CITY OF NEW YORK, ET Al., filed in the Supreme Court of the State of New York, County of New York, challenging the NYPD policy and practice of maintaining, using, and disclosing sealed arrest records in violation of Criminal Procedure Law §§ 160.50 and 160.55 and due process rights under the New York State Constitution.

13.    Produce [meaning UNREDACTED or otherwise unaltered] the internal training protocols used by the Internal Affairs Bureau regarding the investigation and review process into allegations of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(a) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with any person or organization advocating hatred, oppression, or prejudice based on race, religion, gender, gender identity/expression, sexual orientation, or disability. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

14.    Produce [meaning UNREDACTED or otherwise unaltered] the internal training protocols used by the Department Advocate's Office regarding the investigation, charging and adjudication process into allegations of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(a) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with any person or organization advocating hatred, oppression, or prejudice based on race, religion, gender, gender identity/expression, sexual orientation, or disability. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

15.    Produce [meaning UNREDACTED or otherwise unaltered] the internal training protocols used by the Trial Commissioner's Office regarding the adjudication process [due process protocols, application of prior precedent and the disciplinary matrix] into allegations of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(a) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with any person or organization advocating hatred, oppression, or prejudice based on race, religion, gender, gender identity/expression, sexual orientation, or disability. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

---

[2] In support of the Internal Affairs Bureau Log No.: C-2021-0027 and 2021-1610 and the Matter of the Disciplinary Proceedings against Police Officer Salvatore Greco, the department accessed, produced and submitted the sealed criminal records of several individuals as evidence to sustain department charges against him.

16.     Produce [meaning UNREDACTED or otherwise unaltered] the review protocols used by Police Commissioner's Office regarding the adjudication process [due process protocols, application of prior precedent and the disciplinary matrix] into allegations of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(a) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with any person or organization advocating hatred, oppression, or prejudice based on race, religion, gender, gender identity/expression, sexual orientation, or disability. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

17.     Produce [meaning UNREDACTED or otherwise unaltered] a log detailing the number of members of the service investigated, cleared and/or disciplined for allegedly violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(a) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with any person or organization advocating hatred, oppression, or prejudice based on race, religion, gender, gender identity/expression, sexual orientation, or disability. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

18.     Produce [meaning UNREDACTED or otherwise unaltered] the internal training protocols used by the Internal Affairs Bureau regarding the investigation and review process into allegations of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(c) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with a person, reasonably believed to be engaged in, likely to engage in or to have engaged in criminal activities. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

19.     Produce [meaning UNREDACTED or otherwise unaltered] the internal training protocols used by the Department Advocate's Office regarding the investigation, charging and adjudication process into allegations of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(c) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with a person, reasonably believed to be engaged in, likely to engage in or to have engaged in criminal activities. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

20.     Produce [meaning UNREDACTED or otherwise unaltered] the internal training protocols used by the Trial Commissioner's Office regarding the adjudication process [due process protocols, application of prior precedent and the disciplinary matrix] into allegations of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(c) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with a person, reasonably believed to be engaged in, likely to engage in or to have engaged in criminal activities. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

21.     Produce [meaning UNREDACTED or otherwise unaltered] the review protocols used by Police Commissioner's Office regarding the adjudication process [due process protocols, application of prior precedent and the disciplinary matrix] into allegations of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(c) PUBLIC CONTACT –

PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with a person, reasonably believed to be engaged in, likely to engage in or to have engaged in criminal activities. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

22.     Produce [meaning UNREDACTED or otherwise unaltered] a log detailing the number of members of the service investigated, cleared and/or disciplined for allegedly violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(c) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with a person, reasonably believed to be engaged in, likely to engage in or to have engaged in criminal activities. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

23.     Produce [meaning UNREDACTED or otherwise unaltered] the Department Advocates Records [including notes], Deputy Commissioner Trials Records [including notes], Police Commissioner Records [including notes], trial exhibits [admitted and/or denied], trial transcript and Fogel Decision with Order of Dismissal in the Matter of the Disciplinary Proceedings against Police Officer Salvatore Greco.

24.     Produce [meaning UNREDACTED or otherwise unaltered] the authorizations or lack thereof, regarding the allegation that on or about February 27, 2023, Defendants' THE CITY OF NEW YORK [including Mayor Eric L. Adams] and KEECHANT L. SEWELL authorized Cardi B to enter a secured department facility, the NYPD Police Academy to appear for the NYPD "Girl Talk" a mentorship program for young girls needing someone to lean on as they navigate peer pressure and other challenges facing city teens.

25.     Produce [meaning UNREDACTED or otherwise unaltered] the time, dates and locations where Defendant KEECHANT L. SEWELL associated with Jimmy Rodriguez aka Jamie Rodriguez, Creator Manager, Con Sofrito 1315 Commerce Avenue Bronx, N.Y. 10461.

26.     Produce [meaning UNREDACTED or otherwise unaltered] the time, dates and locations where Defendant KEECHANT L. SEWELL attended events at Con Sofrito 1315 Commerce Avenue Bornx, N.Y. 10461.

27.     Produce [meaning UNREDACTED or otherwise unaltered] the time, dates and locations where the NYPD through the Police Commissioner's Office, Legal Bureau and/or Internal Affairs Bureau, authorized [including union, police personnel organizations, i.e. New York City Police Department Hispanic Society] events at Acri Café and/or Con Sofrito 1315 Commerce Avenue Bornx, N.Y. 10461. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

28.     Produce [meaning UNREDACTED or otherwise unaltered] whether Acri Café and/or Con Sofrito 1315 Commerce Avenue Bornx, N.Y. 10461, appears on the list of Corruption Prone Location Lists established and maintained by the Police Commissioner's Office, Legal Bureau, Internal Affairs Bureau, Patrol Borough Bronx and/or the 45th Precinct. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018,**

**THROUGH PRESENT**

29.     Produce [meaning UNREDACTED or otherwise unaltered] whether the NYPD has taken any enforcement actions [including nuisance abatement, SLA enforcement, kites [drug use, sales or prostitution]] against Acri Café and/or Con Sofrito 1315 Commerce Avenue Bornx, N.Y. 10461, or the prior business associated with Jimmy Rodriguez aka Jamie Rodriguez at the same location. **THE RELEVANT TIME PERIOD OF THESE REQUESTS IS JANUARY 1, 2018, THROUGH PRESENT**

Dated: December 2, 2023
New York, NY

                              Respectfully submitted,

              By:         _____s_____
                              Eric Sanders

                              Eric Sanders, Esq.
                              **THE SANDERS FIRM, P.C.**
                              30 Wall Street, 8th Floor
                              New York, NY 10005
                              (212) 652-2782 (Business Telephone)
                              (212) 652-2783 (Facsimile)

                              Website: http://www.thesandersfirmpc.com

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SALVATORE J. GRECO

**Request for Documents**

Plaintiff,                          22 cv 5109

        -against-

THE CITY OF NEW YORK; KEECHANT L. SEWELL, as
Police Commissioner, Police Department City of New York;
ERNEST F. HART, as Deputy Commissioner Legal Matters,
Police Department City of New York; DANIEL S. CUTTER,
as Commanding Officer, Internal Affairs Bureau Group No.:
25 and JEREMY D. ORENSTEIN, as Sergeant, Internal
Affairs Bureau Group No.: 25, each sued individually and in
their official capacities as employees of The City of New York

                          Defendants'

------------------------------------------------------------------------x

        Plaintiff SALVATORE J. GRECO through his attorney THE SANDERS FIRM, P.C.,
hereby submit his second request for the production of documents.

        PLEASE TAKE NOTICE that, pursuant to Rules 33 and 34 of the Federal Rules of Civil
Procedure, and local rules of the United States District Court, Eastern District of New York,
Plaintiffs' hereby demands that Defendants respond separately and in writing under oath, the
requests for documents set forth below, within thirty days after service of these Requests.

        All requests shall be deemed to be addressed to all of the Defendants, and all answers
shall reflect the cumulative knowledge of the Defendants, their servants, agents, and employees.
In answering, Defendant is requested to identify, specifically and in a form suitable for use in a
subpoena, all documents, records or other written material containing, setting forth or pertaining
to the information provided in answering or in the alterative attach copies of such materials.

        These requests shall be deemed to continue beyond the date when Defendants serves their
responses upon Plaintiffs' and Defendants shall supplement its responses if any further
knowledge, information, or documents are acquired by Defendants, their agents, representatives
or attorneys, subsequent to the date of the original responses.

        A.      The responses to these requests for documents shall set forth each question in full
before identifying each document in the answer. Separate answers shall be provided in response
to each request, and, when a request has subdivisions each subdivision. In accordance with Rule

34 of the Federal Rules of Civil Procedure, Defendants' responses to these requests must be signed by the Defendants' providing the responses to the requests.

B. Defendants are to produce the documents requested, or a true, complete and legible copy thereof, at the office of the undersigned if the documents are in the possession, custody or control of Defendants' or Defendants' attorney. Defendants' are to provide the undersigned with the appropriate releases for any documents requests that requested that are not in such possession, custody or control.

C. The term "document" is used in its customarily broad sense and includes all written, typed, printed, recorded or other graphic statements, communications or however produced or reproduced.

## DOCUMENT REQUESTS

1. All documents [including the underlying investigation, department advocate notes, first deputy commissioner notes and police commissioner notes] related to Police Officer Handoly Ramos Shield No.: 2700 Tax Registry No.: 953297 Disciplinary Case Case No.: 2018-18647, pled GUILTY to violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(c) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with a person, reasonably believed to be engaged in, likely to engage in or to have engaged in criminal activities and related charges. The matter resolved on March 30, 2018, with a penalty imposed consisting of thirty-five [35] vacation days lost and one [1] year dismissal probation.

2. All documents [including the underlying investigation, department advocate notes, first deputy commissioner notes and police commissioner notes] related to Detective Kaz R. Daughtry Shield No.: 3581 Tax Registry No.: 940052 Disciplinary Case Case No.: 2021-23939, pled GUILTY to misleading and inaccurate statements. The matter resolved on September 7, 2021, with a penalty imposed consisting of twenty [20] vacation days lost.

3. All documents [including the underlying investigation, department advocate notes, first deputy commissioner notes and police commissioner notes] related to Police Officer Alisa Bajraktarevic Shield No.: 1157 Tax Registry No.: 951518, accused of violating NYPD Patrol Guide Procedure No.: 203-10, Page 1, Paragraph 2(c) PUBLIC CONTACT – PROHIBITED CONDUCT GENERAL REGULATIONS: wrongfully and knowingly associated with a person, reasonably believed to be engaged in, likely to engage in or to have engaged in criminal activities and related charges. i.e. associating with her boyfriend who's considered a 'major drug dealer' and interfering with the investigation.

Dated: March 3, 2024
New York, NY

Respectfully submitted,

By:      _____s_____

Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com

**EXHIBIT 6**

**Eric Sanders**

| | |
|---|---|
| **From:** | Eric Sanders ███████████████████ |
| **Sent:** | Monday, May 13, 2024 07:46 |
| **To:** | ███████████████ |
| **Subject:** | Greco v. City of New York, et al. 22 cv 5109 EDNY |
| | |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Good Morning Maxwell:

What's going on with this case? I haven't received any discovery in this matter. Is the assigned counsel still employed with the law department?

I wanted to reach out to you before letting the court know.


**ERIC SANDERS, ESQ**
President and Owner



30 Wall Street, 8th Floor
New York, NY 10005
☏ 212-652-2782
☏ 212-652-2783
🌐 www.thesandersfirmpc.com

████████████████████████████████████████

**ATTORNEY/CLIENT PRIVILEGE /CONFIDENTIALITY NOTICE:** *This email and any attachments may contain confidential and privileged information for the use of the designated recipient(s) named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, use or disclosure of it or its contents is prohibited and may violate laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of this communication.*

**EXHIBIT 7**

| | |
|---|---|
| **From:** | Eric Sanders ███████████████████████ |
| **Sent:** | Wednesday, May 15, 2024 11:45 |
| **To:** | 'Arbizo, Eric (LAW)' |
| **Subject:** | RE: [EXTERNAL] RE: Greco Case |

**Importance:** High

10-4.

**ERIC SANDERS, ESQ**
President and Owner

—THE—
**SANDERS FIRM,** PC

30 Wall Street, 8th Floor
New York, NY 10005
☏ 212-652-2782
☏ 212-652-2783
███████ ⊕ www.thesandersfirmpc.com

**ATTORNEY/CLIENT PRIVILEGE /CONFIDENTIALITY NOTICE:** *This email and any attachments may contain confidential and privileged information for the use of the designated recipient(s) named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, use or disclosure of it or its contents is prohibited and may violate laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of this communication.*

**From:** Arbizo, Eric (LAW) ███████████████
**Sent:** Wednesday, May 15, 2024 11:41
**To:** Eric Sanders ███████████████
**Subject:** RE: [EXTERNAL] RE: Greco Case

Hi Eric,

My understanding was that Rule 26 disclosures were provided to you last year. See attached. I was not the assigned attorney at that time. In any case, I am working to get you the doc production requests asap. Hopefully by next week.

Best,

Eric

**From:** Eric Sanders ███████████████████
**Sent:** Tuesday, May 14, 2024 6:20 AM

1

**To:** Arbizo, Eric (LAW) ███████████████

**Subject:** [EXTERNAL] RE: Greco Case

**Importance:** High

You don't often get email from ████████████████    Learn why this is important

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Good Morning Eric:

I was in a deposition all day yesterday in a case against the New York State Police.

Well, I can provide Greco's answers but, as you suggested I waited. I want to get this case moving, including receiving responses to the document demands and Rule 26 Disclosures.

**ERIC SANDERS, ESQ**
President and Owner



30 Wall Street, 8th Floor
New York, NY 10005
📞 212-652-2782
📞 212-652-2783
████████████████
🌐 www.thesandersfirmpc.com

**ATTORNEY/CLIENT PRIVILEGE /CONFIDENTIALITY NOTICE:** *This email and any attachments may contain confidential and privileged information for the use of the designated recipient(s) named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, use or disclosure of it or its contents is prohibited and may violate laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of this communication.*

**From:** Arbizo, Eric (LAW) ███████████████

**Sent:** Monday, May 13, 2024 14:24

**To:** Eric Sanders ███████████████

**Subject:** Greco Case

Hi Eric,

I am the attorney handling the Greco case. Apologies for the delay with the interrogatories, we are nearly prepared to provide our answers. As you know, there are many documents in the investigatory files that we need to prepare. I also note that I provided you defendants' interrogatories on Dec. 1, 2023.

Please contact me going forward and again, we are preparing them and appreciate your patience.

Best,

Eric Arbizo
Assistant Corporation Counsel
Office of the Corporation Counsel
100 Church Street, Room 2-124
New York, New York  10007
o: 212-356-3580
c: 203-550-3148

Pronouns: he, him, his